IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3151 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER CUMMINGS, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

Christopher Cummings (Cummings or Defendant) filed a Motion to Vacate under 28 U.S.C. § 2255 (filing 42) on August 16, 2013. The motion will be denied without an evidentiary hearing because the files and records conclusively establish that Cummings is not entitled to relief.

## BACKGROUND

Pursuant to a plea agreement (filing no. 22), Christopher Cummings pleaded guilty to a conspiracy to distribute more than 500 grams but less than 1.5 kilograms of a mixture or substance containing methamphetamine. His guilty plea was accepted on May 19, 2008. (Filing no. 27.)

During the Rule 11 plea taking proceedings, Cummings was specifically asked whether he agreed with facts recited by the Assistant United States Attorney that showed that Cummings received for distribution or distributed well over 1,000 grams of methamphetamine. He agreed with the government's recitation of the facts. (Filing no. 26 at CM/ECF pp. 16-17.)

Additionally, the probation officer later found that Cummings could be held responsible for 1,530.78 grams of methamphetamine, but determined that the "most readily provable amount was between 500 grams and 1.5 kilograms." (Filing No. 36

at CM/ECF p. 7 ¶ 25.)  Cummings did not object to the presentence report.  (Filing no. 34.)

On July 18, 2008, judgment was entered against Cummings.  (Filing no. 40.) Among other things, he was sentenced to 121 months in prison and 5 years of supervised release.   No appeal was taken. Until the instant motion was filed, Cummings sought no post-conviction relief.

## *ANALYSIS*

Cummings has one claim and that is a "Brady violation." (Filing no. 42 at CM/ECF p. 4 ¶ 12.)  Cummings claims that he was transferred to another federal facility this past summer, where he met Tony Perez.  In July of 2013, Perez told Cummings about information that Cummings believes would have impeached two witnesses who were cooperating against him.  He asserts that had he known of this impeaching information, he would not have entered a guilty plea.  This claim must be denied for two separate reasons.

First, because the defendant admitted under oath to facts that plainly made him guilty of a conspiracy to distribute more than 500 grams of methamphetamine, the government had no obligation to provide him with "impeaching" information.  *See*, *e.g.*, *United States v. Ruiz*, 536 U.S. 622 (2002) (Constitution does not require government to disclose impeachment information prior to entering plea agreement with criminal defendant; impeachment information is related to fairness of a trial rather than voluntariness of a plea, value of disclosure to defendant would be limited, and disclosure would place added burden on government, thereby significantly interfering with the plea bargaining process).  Since the government was under no obligation to provide this impeaching information to Cummings, there is no substantive violation upon which Cummings can predicate his § 2255 motion even if I assume that everything Cummings asserts is true.

Second, and probably because he knew he was guilty, Cummings exercised no diligence whatever in seeking facts supportive of his claim.  28 U.S.C. § 2255(f) imposes a one-year statute of limitations that generally begins to run once the conviction is final.  Since Cummings exercised no diligence, he cannot take advantage of the "due diligence" exception provided by 28 U.S.C. § 2255(f)(4).  Since the one-year statute of limitations ran out years ago if measured by the date the judgment became final, and since there is no exception applicable to Cummings, the motion must also be denied as untimely.

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 42) is denied and dismissed with prejudice.  A separate judgment will be issued.

DATED this 20th day of November, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge